UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG THI NGUYEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. C14-1519 BJR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Huong Thi Nguyen seeks review of the denial of her Supplemental Security Income application. She contends the ALJ erred by rejecting the opinion of James Symonds, M.D.; finding no severe, medically determinable impairments at step two; and failing to find she met Grid Rule 202.09. Dkt. 12. As discussed below, the Court recommends the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED** with prejudice.

**BACKGROUND**

Ms. Nguyen is currently 56 years old, has a 9th grade education from Vietnam, and has never worked outside the home. Tr. 21, 34. On July 18, 2011, she applied for benefits, alleging disability as of January 1, 1996. Tr. 17. Her application was denied initially and on reconsideration. *Id*. The ALJ conducted a hearing on February 13, 2013, finding Ms. Nguyen

REPORT AND RECOMMENDATION - 1

not disabled.  Tr. 23.

Utilizing the five-step disability evaluation process,[1] the ALJ found Ms. Nguyen had not engaged in substantial gainful activity since the date of her application, but that she had no severe impairments.  Tr. 19.  Finding no severe impairments at step two of the five-step sequential evaluation process, the ALJ did not proceed further.  As the Appeals Council denied Ms. Nguyen's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-4.

## DISCUSSION

**A.     The ALJ Did Not Err in Evaluating the Medical Opinion of Dr. James Symonds**

Ms. Nguyen argues the ALJ failed to provide specific and legitimate reasons based on substantial evidence in the record for discounting the opinions of consultative examiner James Symonds, M.D.  Dkt. 12 at 9; *see also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The ALJ offered a valid reason for rejecting Dr. Symonds's opinions; accordingly, the Court recommends affirming the ALJ.

The ALJ found that Dr. Symonds's opinion limiting Ms. Nguyen to light work was inconsistent with imaging ordered pursuant to the doctor's request.  Tr. 22.  The radiology report found:

> Mild degenerative changes are noted at L3-4, L4-5 and L5-S1.  No acute fracture or dislocation is seen.  Alignment is within normal limits.  Vertebral body heights are maintained.  There is a small well corticated ossific density seen adjacent to the anterior/superior aspect of L3 which may represent sequela from old healed trauma.

Tr. 248.  Accordingly, the radiologist reported "(1) questionable old healed trauma near the inferior aspect of L3; (2) mild degenerative changes in the lower lumbar spine; and (3) no acute

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 2

1  osseous pathology identified." *Id.*  As Ms. Nguyen notes, however, the limitations opined by Dr.
2  Symonds were based on objective testing and Ms. Nguyen's reports, not imaging.  Dkt. 12 at 10.
3  Dr. Symonds noted "tenderness in the mid-lumbar spine" and "decreased range of motion of
4  [the] lumbar spine." Tr. 246-47.  He diagnosed "lumbar strain," and subsequently limited Ms.
5  Nguyen to light work with occasional postural limitations.  Tr. 247.  The Court agrees with Ms.
6  Nguyen that X-ray imaging may not capture injuries associated with "strain," and thus, the ALJ
7  erred in finding the imaging to be inconsistent with the doctor's findings and in relying on the X-
8  ray to discount the doctor's opinions.  *See* Dkt. 12 at 10.

9       Dr. Symonds also opined Ms. Nguyen could only occasionally use her right upper
10 extremity secondary to [] weakness." Tr. 247.  The ALJ rejected this limitation because she
11 found it was inconsistent with evidence in the record.  Tr. 22.  Specifically, the ALJ found the
12 limitation inconsistent with Dr. Symonds's finding that, although Ms. Nguyen exhibited 3/5
13 strength in her right upper extremity, the strength finding was "questionable," because "[t]he
14 appearance of the lack of the effort to conduct the strength testing of her upper . . . extremities
15 was strong." Tr. 247.  The ALJ also noted that, despite the right upper extremity weakness
16 secondary to right-sided pain, Dr. Symonds stated there was "no objective evidence for cause of
17 pain." Tr. 22 (*citing* Tr. 247).  Given this context, the ALJ concluded the opined limitations
18 were inconsistent with the record.  Tr. 22.  An ALJ properly considers internal inconsistencies
19 between a physician's reports.  *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir.
20 1999).  Accordingly, this was a valid reason for discounting the doctor's opinions.

21       Although the ALJ gave one invalid reason to reject Dr. Symonds's opinions, the Court
22 concludes the ALJ's error was harmless, because substantial evidence supports the valid reason
23 the ALJ gave.  *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)

REPORT AND RECOMMENDATION - 3

(error harmless where it does not "negate the validity of the ALJ's ultimate conclusion").  The ALJ's decision regarding Dr. Symonds's opinions should be affirmed.

**B.     The ALJ Did Not Err at Step Two**

At step two of the five-step sequential evaluation process, the ALJ found Ms. Nguyen had no severe, medically determinable impairments.  Tr. 21.  Ms. Nguyen contends she should have survived step two due to her low back pain, right knee pain, right-sided body pain and weakness, liver hemangioma, and depression.  Dkt. 12 at 4-9.

At step two, Ms. Nguyen has the burden of proof to show that (1) she has medically determinable impairments; and (2) her medically determinable impairments are severe or were severe for at least 12 continuous months.  *See Bowen v. Yuckert*, 482 U.S. 137, 145, (1987); §§ 404.1520(c), 416.920(c), 404.1505, 416.905.  An impairment is *medically determinable* if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. §§ 404.1508, 416.908; 20 C.F.R. §§ 404.1513(a), 416.913(a).  A claimant must prove the existence of an impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings.  20 C.F.R. §§ 404.1508, 416.908; 404.1528, 416.928.  "Symptoms" are the claimant's own descriptions of her physical or mental impairment; however, a claimant's own statement of symptoms alone will not suffice.  *Id.*  "Signs" are anatomical, physiological, or psychological abnormalities which can be observed, apart from the claimant's statements.  20 C.F.R. §§ 404.1528(b), 416.928(b).  Signs must be shown by medically acceptable clinical diagnostic techniques.  *Id.*  "Laboratory findings" are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques."  20 C.F.R. §§ 404.1528(c), 416.928(c).  Thus, a symptom or combination of

symptoms cannot establish a medically determinable physical or mental impairment "unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment."  Social Security Ruling ("SSR") 96-4p.

An impairment is *severe* if it significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 416.920, 416.921.  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 416.921(b).

The Court addresses each of Ms. Nguyen's alleged impairments in turn.

**1.**     ***Low back pain***

Ms. Nguyen first contends her impairment of low back pain was established by Dr. Symonds.  Dkt. 12 at 4-5.  The Court has already determined that, although the ALJ's consideration of Dr. Symonds's opinion was not error-free, the ALJ did not err in rejecting Dr. Symonds's opinions overall.  Ms. Nguyen has not directed the Court to, nor is the Court aware of, any relevant legal authority treating the rejection of a doctor's opinion as anything other than a single finding that applies to the entire evaluation.  Nevertheless, even if the Court assumed Dr. Symonds's opinion concerning her low back pain must still be considered at step two, Ms. Nguyen has not established harmful error, because she fails to show the impairment was severe.[2]

---

[2] The Court notes that both the ALJ and Ms. Nguyen appear to conflate X-ray findings with "strain" findings.  Based on Ms. Nguyen's complaints, Dr. Symonds diagnosed lumbar strain, and opined Ms. Nguyen could lift or carry 20 pounds; sit, stand, or walk for six hours; and occasionally stoop, kneel, and crouch.  Tr. 243, 247.  He then referred Ms. Nguyen for an X-ray of her lumbosacral spine.  Tr. 247.  The ALJ concluded that X-ray indicated Ms. Nguyen's back

1    First, Ms. Nguyen does not address the ALJ's observation that, despite allegations of longstanding low back pain,[3] office treatment records from July 2007 to May 2011 fail to mention any such pain.  *See* Tr. 21-22 (*citing* Ex. 5F).  Additionally, she fails to identify how her low back pain significantly limited her ability to carry out basic work activities, including walking, standing, and sitting.  The Court cannot help but notice that even Ms. Nguyen does not contend her back impairment was *severe*.  *See* Dkt. 12 at 5 ("This imaging demonstrates that this impairment was medically determinable.").  On this record, the Court cannot conclude the ALJ improperly interpreted the evidence to suggest Ms. Nguyen's low back pain was not a severe impairment, or that Ms. Nguyen has met her burden to show she has a severe, medically determinable impairment of back pain.  The Court thus recommends affirming the ALJ.

2.    ***Right knee pain***

Ms. Nguyen also fails to demonstrate her right knee pain was a severe impairment.  As discussed above, the Court has already determined the ALJ properly rejected Dr. Symonds's opinions overall.  But even considering his opinions, Ms. Nguyen has failed to meet her burden at step two.  In September 2011, Dr. Symonds diagnosed right knee strain with tenderness but full range of motion.  Tr. 246-47.  Ms. Nguyen told Dr. Symonds that her knee pain had been present for three years, beginning spontaneously with no known injury, but that she aggravated the pain when she fell in April 2011.  Tr. 244.  Ms. Nguyen contends her knee impairment was

---

pain "did not rise to the level constituting severe impairments."  Though Ms. Nguyen admits that a lumbar strain "would not be detected by an X-ray," Dkt. 18 at 4, she argues the imaging demonstrates her "impairment" was medically determinable,  Dkt. 12 at 5.  Thus, as a preliminary matter, it is not entirely clear what specific diagnosis or impairment Ms. Nguyen contends the X-ray supports.  The Court further observes that, although Ms. Nguyen contends the imaging demonstrates she "did seek care for her back pain," the imaging was ordered by Dr. Symonds as a result of the consultative examination.  *See* Dkt. 12 at 5; Tr. 247-48.

[3] In September 2011, Ms. Nguyen reported having intermittent low back pain for 15 years, with no history of injury.  Tr. 243.

medically determinable because in April 2011, a nurse prescribed a four-pronged cane, and an MRI revealed "mild injury to medial collateral ligament and right knee sprain." Dkt. 12 at 5 (*citing* Tr. 259, 263). But Ms. Nguyen fails to demonstrate the impairment was severe: though she was prescribed a cane and Tylenol with codeine the day after she fell, Tr. 263, upon review of her MRI ten days later, Ms. Nguyen was diagnosed with "sprain of knee, right, due to trauma. Less pain now," and her treatment plan directed her to "[c]ontinue ACE wrap. Heat." Tr. 259; *see also* Tr. 22 ("[T]he knee pain complaints appear to be a result of an acute injury). Tellingly, even Ms. Nguyen does not contend her knee impairment was severe. *See* Dkt. 12 at 5 ("These findings . . . demonstrate that the Plaintiff's knee impairment was *medically determinable*.") (emphasis added).

In addition, the ALJ observed Ms. Nguyen did not return for further treatment for her knee after May 5, 2011, "indicating such an injury and the associated limitations were merely transitory." Tr. 22. Ms. Nguyen attempts to explain her lack of follow-up by arguing she had difficulty obtaining consistent care. Dkt. 12 at 5. As the ALJ noted, Ms. Nguyen lost medical insurance through her husband in January, 2012, thus giving her more than seven additional months of coverage.[4] *See* Tr. 22, 37-38. The Court thus finds Ms. Nguyen has failed to demonstrate her knee pain met the severity requirement at step two.

### 3. *Right-sided body pain and weakness*

The Court has previously determined that the ALJ properly rejected Dr. Symonds's opinion regarding manipulative limitations associated with right-sided pain and weakness, and

---

[4] The Court notes that, after Ms. Nguyen lost medical insurance through her husband, she applied for medical assistance through DSHS but was deemed ineligible. Dkt. 12 at 8 (*citing* Tr. 32). She also sought to obtain "charity care" but was denied. *Id.* (*citing* Tr. 38). Nevertheless, these circumstances cannot explain a lack of health records during the relevant period because Ms. Nguyen testified she was insured until January 2012. *See* Tr. 37-38.

REPORT AND RECOMMENDATION - 7

thus, the record cannot be relied upon in meeting Ms. Nguyen's burden at step two.  Instead, Ms. Nguyen acknowledges that "no etiology was ever determined for [her] allegations of right-sided pain," but argues that the medical record demonstrates she presented with significant pain symptoms which her providers did not question.  Dkt. 12 at 6.  Ms. Nguyen points to January 2008 treatment notes for right-sided stomach pain.  Dkt. 12 at 6.  The doctor also noted pain in Ms. Nguyen's right Achilles tendon and hand tremor in her right hand.  Tr. 276.  Ms. Nguyen next points to July 2008 treatment records, which noted pain in her *left* elbow and arm.  Tr. 271.  The doctor indicated "no direct injury – had similar pain in R."  *Id.*  In July 2009, Ms. Nguyen complained of left and right side pain and stomach pain, with a pain level of 3/10.  Tr. 267.  In March, 2011, Ms. Nguyen was seen for pain, nausea, and dizziness, and reported she had been unable to move her body for one day.  Tr. 265.  The doctor noted he was unable to check gait coordination because Ms. Nguyen was too nauseous.  Tr. 266.  On these records, Ms. Nguyen contends she has demonstrated her pain "caused limitations and would interfere with her ability to consistently perform work activity."  Dkt. 12 at 6.

      Ms. Nguyen fails to meet her burden at step two.  First, she has not shown she has a medically determinable impairment because, as the ALJ noted, there was no diagnosed cause for her pain.  Tr. 21.  Although the medical record captures Ms. Nguyen's symptoms, there is no record of valid signs or laboratory findings.  Even Dr. Symonds questioned Ms. Nguyen's symptoms of right-sided weakness, noting a lack of effort in testing.  Tr. 247.  Additionally, Ms. Nguyen fails to demonstrate any symptoms are severe.  The records Ms. Nguyen relies upon offer no treatment and assess no work-related limitations.[5]  Accordingly, the Court declines to

---

[5] In her reply, even Ms. Nguyen concedes that "[a]t best for the Defendant, the arguments presented support a finding that the right sided pain was not a 'severe' impairment."  Dkt. 18 at 4.

REPORT AND RECOMMENDATION - 8

find the ALJ erred in finding no impairment of right-sided pain and weakness at step two.

**4.**     *Liver hemangioma*

The parties do not dispute that Ms. Nguyen's giant hepatic hemangioma was a diagnosed condition.  Rather, the parties dispute whether the condition was severe.  The ALJ suggested the hemangioma was not a severe impairment because Ms. Nguyen's providers noted it was stable, and because she was told that surgery was not warranted "until it got bigger and could cause some problem." Tr. 19, 21; *see also* Tr. 40.

Ms. Nguyen asserts the hemangioma was severe because she presented with significant pain, pointing to the same records she relied upon to support her argument regarding right-sided pain. Dkt. 12 at 7 (*citing* Tr. 267, 273, 275, 300-01, 303, 306).  She also argues that in May 2008, her doctor "observed that the liver hemangioma had increased in size and had caused abdominal pain and bloating for six days." Dkt. 12 at 7.  Despite Ms. Nguyen's characterization of the record as statements driven by her provider, a closer reveals *Ms. Nguyen* complained of stomach pain and bloating for six days, and that *she* was "concerned that hemangioma getting bigger bc [increased] from 4.2 cm in 8/07 to 4.4 cm in 2/01/08." Tr. 273.  In fact, the February 2008 imaging report noted no appreciable change, no significant abnormality, and "stable appearance of the incidental giant hepatic hemangioma in the right lobe of the liver." Tr. 306-07.  In December 2010, new imaging showed a 4.5 cm maximal diameter of the hemangioma, which the doctor characterized as "unchanged" and "stable." Tr. 301; *see also* Tr. 302-04.  Additionally, Ms. Nguyen testified that her liver condition caused discomfort "once in a while," but "not very obviously pain." Tr. 40.  Ms. Nguyen also fails to explain how her liver condition significantly limits her ability to carry out basic work activities.

On this record, the Court cannot say the ALJ improperly interpreted the evidence to

REPORT AND RECOMMENDATION - 9

suggest Ms. Nguyen's liver condition did not meet the severity requirement.  Though Ms. Nguyen offers her own interpretation of the record, the ALJ's interpretation was reasonable.  Accordingly, it must be affirmed.  *See Morgan v. Comm'r, Soc. Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### 5.    *Depression*

Finally, Ms. Nguyen challenges the ALJ's rejection of the suggestion she suffered from severe, medically determinable mental impairments.  The ALJ found:

> The claimant also attested to depression, but sought no treatment for such purported symptoms.  I also note that she made no mention of this at any of the three clinical presentations during the relevant period.  Regardless of how many symptoms a claimant alleges, the existence of a medically determinable impairment cannot be established in the absence of objective medical determinations such as medical signs and laboratory findings.

Tr. 22.

Ms. Nguyen contends that at her hearing, she reported symptoms consistent with a mental health condition.  Dkt. 12 at 7 (*citing* Tr. 40-42).  Examining the hearing transcript, the Court is unable to identify a clear report consistent with a mental health condition.  The following exchange occurred between Ms. Nguyen and her attorney:

> Q:  Okay.  Are you having any problems with depression, or feeling sad, or feeling worried?
>
> A:  Sometimes in fact that I have, I – when I think that I have two young children and I'm not able to do anything when I think about this, and I feel kind of sad.
>
> Q:  Does that, those feelings, do they ever interfere with or prevent you from interacting with other people socially, or –
>
> A:  So when I feel like this that I just really didn't want to meet anybody, didn't want to have – connect with anybody.

>  \*\*\*\*
>
>  Q: And earlier you said that when you go to the grocery store you go with your husband. And I'm wondering whether you're able to do those kinds of things just by yourself.
>
>  A: Yeah, I'm able to walk by myself half an hour to one hour. I make sure that I just don't carry anything.
>
>  Q: Actually what I'm trying to get at is are you able to – you don't take the bus, or get transportation to go there by yourself without help from your husband?
>
>  A: Yeah, someplace closer by, I can do it by myself. . . . so like to library, five to six blocks.

See Tr. 42-43. At the end of the hearing, Ms. Nguyen's counsel asked whether the ALJ would "consider sending her out for a consultative evaluation for her mental health impairments." Tr. 47. The ALJ responded, "[a]ll right. Your request has been noted. I'm not inclined to do it, but I'll take another look at the record." Id. Based on these exchanges, Ms. Nguyen argues the ALJ erred because denying her request to fully develop the record resulted in the erroneous "finding that [her] mental health impairments were not medically determinable 'severe' impairments." Dkt. 12 at 8.

The Court agrees with the ALJ that Ms. Nguyen has failed to meet her burden at step two because she failed to provide any evidence of signs or laboratory findings of mental impairments; furthermore, the only evidence of mental health symptoms provided was developed via her attorney's prompting at her hearing. Additionally, Ms. Nguyen's contention that the ALJ should have developed the record with respect to her alleged mental impairments suggests, without citation to authority, that any time a claimant raises impairments for the first time during the administrative hearing, the ALJ is duty-bound to develop the record on that issue. The assertion cannot stand. As the Commissioner observes, the duty to "conduct an appropriate

REPORT AND RECOMMENDATION - 11

inquiry" is only triggered where the record contains "[a]mbiguous evidence" or the ALJ has found "the record is inadequate to allow for proper evaluation of the evidence." Dkt. 16 at 9; *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). There was no ambiguous evidence in the record regarding mental impairments because there was *no* objective evidence of such an impairment in the record. Additionally, the ALJ did not find the record was inadequate, rather, the ALJ's conclusion suggests substantial evidence simply did not support Ms. Nguyen's theory. Moreover, to the extent Ms. Nguyen attempts to attribute her lack of mental health records to an inability to secure health insurance, the arguments are also without merit, as discussed above. *See* Tr. 37; *see also* Tr. 22. Thus, no further duty was required of the ALJ in determining whether she had any severe mental health impairments, and the ALJ did not err at step two.

**C.     Ms. Nguyen Does Not Satisfy Grid Rule 202.09**

Ms. Nguyen contends that Grid Rule 202.09 directs a finding of disabled in this case. Dkt. 12 at 3, 12; Dkt. 18 at 5-6; *see also* 20 C.F.R. § 416.962(b). Rule 202.09 applies to claimants who are (1) limited to light work as a result of severe, medically determinable impairments; (2) closely approaching advanced age (age 50–54); and who are (3) unskilled or have no previous work experience. Because Ms. Nguyen has failed to meet her burden at step two, she also fails to satisfy the first requirement of Rule 202.09. Accordingly, the argument fails.

**D.     Ms. Nguyen's Credibility**

Though not entirely clear, Ms. Nguyen appears to challenge the ALJ's credibility finding, arguing the ALJ erred in finding her "reported degree of impairment inconsistent with her activities, including the fact that she sometimes socialized with friends, cooked for her children,

or went to the grocery store with her husband." Dkt. 12 at 13.  This assertion is a mischaracterization of the ALJ's decision.  The ALJ simply summarized Ms. Nguyen's testimony (including that she could not stand or walk more than 30-60 minutes), and then stated that, despite the testimony, she did not find the medical evidence established any severe impairments.  Tr. 21.  The ALJ then continued on to discuss the medical record and her reasons for finding Ms. Nguyen had no severe, medically determinable impairments.  Tr. 21-23.

In evaluating credibility, an ALJ properly considers evidence from physicians and third parties concerning the nature, severity, and effect of the symptoms of which a claimant complains.  *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  Thus, Ms. Nguyen has not shown the ALJ erred with respect to any adverse credibility determination.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision should be **AFFIRMED** and recommends the case be **DISMISSED** with prejudice.

A proposed order accompanies this Report and Recommendation.  Any objection to this Report and Recommendation must be filed and served no later than **August 17, 2015**.  If no objections are filed, the Clerk shall note the matter for **August 18, 2015** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 3rd day of August, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14